MATTER OF WU

In Visa Petition Proceedings

A-17118329

*Decided by District Director January 29, 1968*

The qualified beneficiary of a visa petition filed by a non-profit community organization desiring his services as a medical doctor is accorded preference classification under section 203(a)(6) of the Immigration and Nationality Act, as amended, as a physician, since the petitioning organization, even though it will not be paying beneficiary a salary, desires "to employ" him within the meaning of section 204 of the Act.

**Discussion:** The petitioner, Darrington Hospital Guild, Darrington, Washington, is a non-profit community organization, incorporated in 1958 under the laws of the State of Washington. The Guild is governed by a president, vice president, secretary, treasurer, and three trustees. The organization was chartered to recruit a medical doctor to serve the community of 3,500 persons. The first medical doctor practiced a short time before leaving the community. The charter was then amended to provide for the recruiting of additional doctors whenever need arose.

At the present time there is no medical doctor in the community. All attempts to recruit a medical doctor have been unsuccessful. The petitioner has established that advertisements were placed in medical journals, inquiries were directed to medical schools, and the Sears Foundation was contacted without success.

The community is 27 miles, by rough mountain roads, from the nearest community having medical doctors and a hospital. In the winter months the area is sometimes covered by as much as six feet of snow, making travel to the nearest doctor or hospital a dangerous and sometimes impossible undertaking.

The principle industry in the area is logging, a hazardous occupation. Serious accidents occur all too often in this work and immediate medical care frequently means the difference between life and death. In the summer months, the area is a mecca for tourists and campers and medical care is often required in emergencies as a result of automobile and other accidents. The community plainly has an urgent need for the services of a medical doctor.

Following incorporation, the petitioning agency secured a $50,000 mortgage and constructed a modern medical facility for use by medical doctors agreeing to serve the area. The mortgage is now $28,000. Funds to retire the mortgage and to pay other Guild expenses are received from community-wide fund raising events.

Section 204, Immigration and Nationality Act, as amended, reads as follows:

... or any person desiring and intending to employ within the United States an alien entitled to classification as a preference immigrant under section 203 (a) (6), may file a petition with the Attorney General for such classification.

The phrase "any person desiring and intending to employ within the United States", must be interpreted.

The petitioner has stated beneficiary will not be paid a salary by the Guild. Patients will pay the beneficiary directly for services rendered. The prior medical doctor grossed $36,000 annually and was employed full-time.

A determination must be made whether "employment" as contemplated by section 204 of the Act exists in this case. There are no precedent decisions analogous to this situation since amendment of the Immigration and Nationality Act. However, in the *Matter of Young*, Int. Dec. No. 1425, In Visa Petition Proceedings, decided Stepember 8, 1964, it was held that under the prior statute, the village of DeWitt, Michigan, was an eligible petitioner for the services of a dentist. Under the prior statute (section 203(a) (1) of the Immigration and Nationality Act) the clause "desiring and intending to employ" did not appear. It was necessary, however, to establish "an urgent need" for the services of the beneficiary. The *Matter of Young* (*supra*) established that a non-profit community organization may petition under the Immigration and Nationality Act.

Webster's New Collegiate Dictionary defines "employ" as meaning:

To make use of; to use; to make use of the services of; to occupy; devote; as, to *employ* time in study:

Employ, hire here means to engage for work. Employ, however, stresses the use of a person's services; hire the act of engaging a person's services for compensation.

The Darrington Hospital Guild desires to make use of the services of the beneficiary as outlined in the definition of "employ" appearing in Webster's New Collegiate Dictionary. No mention is made in the dictionary or in section 204 of the Act as to the source or amount of remuneration. The requirements of section 204 of the Immigration and Nationality Act, as amended, have been satisfied.

Section 203(a) (6) of the Act, reads in part as follows:

Visas shall next be made available, in a number not to exceed 10% ... to qualified immigrants who are capable of performing specified skilled or unskilled labor,

not of a temporary or seasonal nature, for which a shortage of employable and willing persons exists in the United States.

The beneficiary meets the qualifications set forth in section 203(a)(6) of the Act and on Form I-140, Petition to Classify Preference Status of Alien on Basis of Profession or Occupation. The beneficiary received a doctor of medicine degree in June 1928 from University of Virginia, Charlottesville, Virginia. He received specialized training in surgery from 1941 to 1945 at Mayo Foundation, Rochester, Minnesota, and attended the University of Pennsylvania from 1956 to 1957 where he received training in the internal medicine field. He also attended Harvard Medical School for nine months during 1957-1958, for specialized courses in cardiovascular disease treatment. He has been licensed to practice as a medical doctor in Taiwan.

The petitioner has established that the beneficiary is a skilled person, coming to the United States to fill a position not of a temporary or seasonal nature, and that there is a shortage of such qualified persons in this country. Therefore, the requirements of section 203(a)(6) of the Immigration and Nationality Act, as amended, have been satisfied.

The beneficiary qualifies under the blanket labor certification issued by the Department of Labor in Group I, Schedule A, 29 CFR, Part 60, as a person having an advanced degree. The beneficiary, therefore, meets the requirements of section 212(a)(14) of the Act.

The evidence clearly establishes that the petitioning agency has complied with all the requirements of section 203(a)(6) and section 204 of the Immigration and Nationality Act, as amended. It has been further established that the beneficiary has the necessary qualifications to fill the position. The petition, will, therefore, be approved.

**ORDER:** It is ordered that the petition be and the same is hereby approved.